IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:18-cv-156

| | | |
|---|---|---|
| Adrian T. Currie, | ) | COMPLAINT |
|    Plaintiff, | ) | 29 U.S.C. 201 |
| v. | ) | 42 U.S.C. 1981 |
| Murphy-Brown LLC, | ) | Jury Demanded |
|    Defendant. | ) | |

The Plaintiff, complaining of the defendant, alleges and says as follows;

## JURISDICTION

1. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). The Plaintiff also brings this action to recover redress for the deprivation of his right from discriminatory employment practices on the basis of pursuant to 42 U.S.C. 1981

## VENUE

2. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendant is subject to personal jurisdiction in North Carolina.

## PARTIES

3. The plaintiff Adrian T. Currie is a citizen and resident of Bladen County, North Carolina and at all times relevant to this complaint, was employed by the defendant.

4. The defendant Murphy-Brown LLC is a corporation organized under the laws of the State of Delaware, with a principle place of business in Sampson County, North Carolina.

5. Defendant Murphy-Brown LLC produces livestock in the United States. It owns and manages hog farms. The company was founded in 2001 and is based in Warsaw, North Carolina. Murphy-Brown LLC operates as a subsidiary of Smithfield Foods Inc.

6. Defendant, Murphy-Brown LLC is an employer within the meaning of FLSA, 29 U.S.C § 203(d). Defendant, exercised ownership and operational control over Plaintiff concerning his employment.

## FACTS

7. Plaintiff began working for defendant in March of 2016. Throughout his employment, plaintiff was employed as a washer sanitizer in Robeson County North Carolina. Plaintiff's job responsibilities required that he wash and sanitize truck trailers that had been used to haul livestock.

8. During the course of plaintiff's employment, he was regularly required to work in excess of 40 hours a week.

9. During the course of plaintiff's employment, he was not paid overtime pay for hours worked in excess of forty hours per week.

10. Patrick Edge, was the Lead Washer/Sanitizer. But however, Patrick Edge would never wash/sanitize trucks.

11. Patrick Edge received overtime pay for hours worked in excess of forty hours per week, but plaintiff did not get overtime pay. Patrick would brag about getting overtime pay.

12. Plaintiff complained to Patrick and told him that plaintiff should be getting overtime pay too. Patrick told plaintiff to talk to Tony Bass about overtime pay.

13. Plaintiff met with Tony Bass for the specific reason of complaining about not being paid overtime pay as required by law. Plaintiff complained to Tony Bass, a direct line supervisor, that he was entitled to receive overtime pay for hours worked in excess of 40 hours a week. Tony told plaintiff that plaintiff would have to talk to Andy James about overtime pay.

14. Andy James, was a district manager. He would only be present on the job-site two or three times a month. Plaintiff confronted Andy beginning sometime in July 2016 and on numerous subsequent occasions, and told Andy that plaintiff was supposed to be getting paid overtime. Andy's usual response was no, there was no way for plaintiff to get overtime pay. Andy also said that since defendant was paying him for holidays, he did not have to pay plaintiff overtime pay. On some occasions, Andy would just change the conversation and not even address plaintiff's concerns of not being paid overtime.

## COUNT I
## FLSA – UNPAID WAGES

15. Plaintiff incorporates paragraphs 1 through 14 as if fully set out herein.

16. During the course of plaintiff's employment, defendant paid Plaintiff a regular hourly rate for all hours worked.

17. Plaintiff worked for Defendant in Robeson County, North Carolina.

18. Plaintiff is not exempt from the FLSA because he was paid on an hourly basis and should be compensated for appropriate overtime.

19. During the course of plaintiff's employment, from March 2016 through October 2016, the Plaintiff regularly worked in excess of forty hours in a workweek.

20. Defendant failed to pay Plaintiff one-and-one-half times his regular rate of pay for each hour worked over forty in a workweek.

21. Specifically, defendant only paid plaintiff his regular rate for each hour worked over forty in a workweek instead of one-and-one half times his regular rate.

22. Plaintiff is due at least $1,210.32 for unpaid overtime wages from the defendant. This amount is calculated as follows:

| Period Ending | Hours Worked | Rate of Pay | Wages Paid | Overtime Hours Worked | Overtime Rate | Overtime Wages Due |
| --- | --- | --- | --- | --- | --- | --- |
| 3/26/2016 | 91.21 | 9.50 | 866.50 | 11.21 | 4.75 | 53.25 |
| 4/9/2016 | 99.97 | 9.50 | 949.72 | 19.97 | 4.75 | 94.86 |
| 4/23/2016 | 103.57 | 9.50 | 983.92 | 23.57 | 4.75 | 111.96 |
| 5/7/2016 | 96.61 | 10.75 | 1038.56 | 16.61 | 5.38 | 89.28 |
| 5/21/2016 | 87.74 | 10.75 | 943.21 | 7.74 | 5.38 | 41.60 |
| 6/4/2016 | 104.45 | 10.75 | 1122.84 | 24.45 | 5.38 | 131.42 |
| 6/18/2016 | 100.86 | 10.75 | 1084.25 | 20.86 | 5.38 | 112.12 |
| 7/2/2016 | 107.56 | 10.75 | 1156.27 | 27.56 | 5.38 | 148.14 |
| 7/16/2016 | 82.98 | 10.75 | 892.04 | 2.98 | 5.38 | 16.02 |
| 7/30/2016 | 95.25 | 10.75 | 1023.94 | 15.25 | 5.38 | 81.97 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 8/13/2016 | 94.56 | 10.75 | 1016.52 | 14.56 | 5.38 | 78.26 |
| 8/27/2016 | 52.38 | 10.75 | 563.09 | | | |
| 9/10/2016 | 90.52 | 10.75 | 973.09 | 10.52 | 5.38 | 56.55 |
| 9/24/2016 | 98.15 | 11.25 | 1104.19 | 18.15 | 5.63 | 102.09 |
| 10/8/2016 | 96.50 | 11.25 | 1085.63 | 16.5 | 5.63 | 92.81 |
| 10/22/2016 | 21.98 | 11.25 | 247.28 | | | |
| | | | | | TOTAL | 1,210.32 |

23. These practices violate the provisions of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. As a result of these unlawful practices, Plaintiff suffered a loss of wages. Plaintiff is entitled to recover the overtime wages.

24. Defendant showed willful and reckless disregard for the fact that their failure to pay Plaintiff appropriate overtime compensation was in violation of the law and therefore plaintiff is entitled to liquidated damages.

### COUNT II
### FLSA - REPRISAL

25. Plaintiff incorporates paragraphs 1 through 24 as if dully set out herein.

26. After plaintiff began asking questions and demanding to be paid overtime, Andy, Tony and Patrick illegally conspired to try to find false ways to write-up plaintiff, as an excuse to terminate his employment.

27. The managers and supervisors within plaintiff's direct line of supervision, namely, Andy, Tony and Patrick, wanted to terminate plaintiff's employment in retaliation for plaintiff asserting his right to be paid overtime pay for hours worked in excess of forty hours in a work week.

28. At all times relevant to this complaint, the managers and supervisors were acting as agents of the defendant and acting within the course and scope of their employment with the defendant.

29. During the middle of October 2016, plaintiff was terminated from his employment. Plaintiff was terminated three days after he had last complained to Andy that he was supposed to be getting overtime pay.

30. The defendant terminated plaintiff in retaliation for plaintiff asserting his right to be paid overtime pay.

31. The reason that the defendant gave for plaintiff's termination, was a mere pretext for the real reason. The real reason that defendant terminated the plaintiff, was in retaliation against the plaintiff because of his demand to be paid overtime for hours worked in excess of forty hours per week.

32. Plaintiff engaged in protected activity when he complained to the defendant's management and supervisory level employees that he was not receiving overtime pay and that he should be receiving overtime pay.

33. Plaintiff suffered an adverse action by the employer subsequent to or contemporaneous with the protected activity when he was terminated from his employment because of his complaints about not receiving overtime pay.

34. A causal connection exists between plaintiff's protected activity and the employer's adverse action because plaintiff was fired for engaging in the protected activity.

35. The defendant has violated the provisions of 29 U.S.C. § 215(a)(3) which makes it unlawful for the defendant to discharge or in any other manner discriminate against plaintiff because plaintiff filed any complaint.

36. The plaintiff was injured by defendant's illegal conduct including, by not limited to the loss of wages, pain, suffering, humiliation and mental pain and anguish caused by such illegal treatment, and other consequential damages, including, but not limited to financial embarrassment, loss of property flowing from defendant's illegal actions.

37. The actions of the defendant in terminating the plaintiff were willful, wanton and malicious and in reckless disregard of the known rights of the plaintiff and plaintiff is therefore entitled to recover punitive damages.

### COUNT III
### DISCRIMINATION – 42 USC 1981

38. Plaintiff incorporates paragraphs 1 through 37 as if fully set out herein.

39. The plaintiff also brings this action to recover redress for the deprivation of his right to make and perform a contract free from discriminatory employment practices on the basis of race, pursuant to 42 U.S.C. 1981.

40. Plaintiff is a Black/African-American citizen of the United States of America.

41. The defendant paid overtime wages to similarly situated White/Caucasian employees,

42. The defendant refused to pay plaintiff overtime wages because of his race, Black/African American.

43. The effect of the practices complained of in this action has been to deprive intentionally discriminate against the plaintiff because of his race in violation of 42 USC 1981.

44. Plaintiff was subjected to disparate treatment in payment of overtime wages and intentional discrimination in payment of overtime wages in violation 42 USC 1981.

45. As a direct and proximate results of defendant's willful, knowing and intentional discrimination against plaintiff, plaintiff suffered and will continue to suffer mental anguish and emotional distress, lost wages, benefits, income, and future wages.

46. The defendant acted with malice and reckless indifference to the known federally protected rights of the plaintiff, thus entitling the plaintiff to punitive damages.

47. Plaintiff was injured by the defendants' illegal conduct, including, but not limited to, the loss of wages; humiliation, stress and mental pain and anguish caused by such illegal treatment, and other consequential damages, including, but not limited to financial difficulties, and as a result of the defendant's illegal actions.

## JURY DEMAND

48. Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE plaintiff prays that the court grant;

1. Judgment against defendant for an amount equal to plaintiff's unpaid back wages at the applicable overtime rate for each hour worked over forty;

2. Judgment against defendant that the violations of the FLSA were willful;

3. An equal amount to the wage damages as liquidated damages;

4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

5. All costs incurred and reasonable attorney's fees for prosecuting these claims;

6. Such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3), including without limitation employment, reinstatement and promotion, front pay, back pay and mental and emotional distress damages.

7. Order the defendant to make plaintiff whole by providing him with the appropriate back pay, with pre- and post-judgment interest and damages for all employment benefits he would have received but for the discriminatory and retaliatory acts and practices of the defendant, together with front pay damages;

8. Order the defendant to make plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described herein, including but not limited to, emotional pain, suffering

inconvenience, loss of enjoyment of life and humiliation, in amounts to be proved at trial.

9. An award of punitive damages against the defendant.

10. Reasonable attorney's fee to be paid by the defendant.

11. A trial by jury on all issues so triable.

12. An injunction to enjoin the continued violation of this article.

13. All other economic losses that were proximately caused by the defendant's proscribed actions.

14. Costs of this action.

15. Such other and further relief as the court deems appropriate.

This the 25th day of August 2018.

/s/ Ralph T. Bryant, Jr.
Ralph T. Bryant, Jr.
N.C. State Bar # 18119
Attorney for Plaintiff
P.O. Box 723
Newport, North Carolina 28570
Phone (252) 626-3267
Fax (252) 294-1624
attorneyralphbryantjr@gmail.com