IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-cv-156-D

ADRIAN T. CURRIE,

        Plaintiff,

v.

MURPHY-BROWN, LLC.

        Defendant.

**STIPULATED PROTECTIVE ORDER**

Adrian T. Currie ("Plaintiff") and Murphy-Brown, LLC d/b/a Smithfield Hog Production ("Defendant") (collectively, the "Parties"), have jointly stipulated and agreed to the entry of this Stipulated Protective Order ("Protective Order") governing the production, possession, and use of confidential information and documents produced or made available by any of them in this litigation.

During this case, the Parties may obtain information from one another that is confidential, proprietary or otherwise requiring or deserving confidential treatment. In order to protect proprietary and confidential information,

IT IS ORDERED THAT:

**1.**     **Scope of Order.** This Protective Order governs the use and handling of documents, electronic information, testimony, interrogatory responses and other information, including all copies, excerpts and summaries thereof produced or given by Defendant, Plaintiff, or other individuals or entities in this Litigation. Confidential material or information produced

1

in this Litigation shall be used only for the purpose of this Litigation, and not for any business or competitive purposes whatsoever.

2. **Definition of Confidential Information.** A Party may designate as "Confidential" any (1) information or (2) documents, transcripts of other materials containing such information, produced in this Litigation that contains confidential medical or confidential non-public employee, human relations, financial, proprietary, commercial or other information for which a good faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure and/or other applicable law ("Confidential Information"). The confidentiality designations will be made by an attorney in conformance with this Protective Order. All doubts are to be resolved in favor of confidential treatment of any information exchanged by the Parties to this action.

3. **Persons Who May Access Confidential Information.** Absent written consent from the Producing Party or as otherwise directed by the Court, Confidential Information may be disclosed only to the following persons:

(a) Parties and employees of Parties who have a need for access to the Confidential Information for this Litigation;

(b) Outside counsel of record for the Parties;

(c) In-house counsel for the Parties who are actively involved in assisting with the prosecution or defense of this Litigation;

(d) Outside experts or consultants who are retained on behalf of any of the Parties to assist in the preparation of this case;

(e) The Court, court reporters, videographers, stenographers, and court personnel involved the litigation of this case;

(f) Any potential witness or deponent, but only to the extent necessary for the purpose of preparing for a deposition or for trial;

(g) A witness during deposition, as provided below;

(h) The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation;

(i) Outside vendors, including their employees, retained by Counsel for any Party to provide copying, data entry, data processing, or computer imaging, and similar clerical support services;

(j) During the trial of this matter, subject to any order entered by the Court to limit or safeguard its use, provided such Confidential Information is otherwise admissible under the Federal Rules of Evidence; and

(k) As the Court so orders.

4. **Application of this Protective Order to Persons With Access to Confidential Information.** Any Party receiving Confidential Information shall make every good faith effort to maintain the confidentiality of that information and any document that reflects it. With the exception of those persons designated in clauses 3(a), 3(b), 3(c), 3(e), 3(f), 3(g), and 3(h) of Paragraph 3, no Confidential Information, or any copy, excerpt, or summary thereof, or the information contained therein, received from a Party or non-party, shall be disclosed to any person unless (a) such person has been provided with a copy of this Protective Order, and (b) such person has agreed to be bound thereto and executed the agreement attached hereto as Exhibit 1. In the event such person refuses to sign an agreement in the form attached as

Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from this Court. Documents may be handled by clerical personnel in the employ of any Party or non-party, including those in the employ of contractors or vendors hired by that Party or non-party, where that Party or non-party has executed the agreement and the clerical personnel are performing purely clerical duties, such as mail handling, copying, bates stamping, filing, etc., without such personnel signing the agreement. Persons indicated on the face of Confidential Information as having been the authors or recipients of such documents need not execute Exhibit A before being provided access to such information. Counsel for each Party shall obtain and retain executed copies of the agreements attached as Exhibit A from each person, other than persons designated in clauses 3(a), 3(b), 3(c), 3(e), 3(f), 3(g), and 3(h) of Paragraph 3, to whom it discloses any Confidential Information other than its own Confidential Information.

5.   **Use of Confidential Information During This Litigation.**

    (a)    If Confidential Information is disclosed at a deposition, then all those present at the deposition (except the court reporter) must agree to be bound by this Protective Order and acknowledge such agreement by signing a copy of this Order or stating their agreement to be bound by this Protective Order on the record, or else leave the deposition during the testimony relating to the Confidential Information and be precluded from learning the substance of the confidential testimony (such as by receiving a copy of the transcript, videotape, recording or any other means).

    (b)    If any Confidential Information is subpoenaed or otherwise sought from any Party or from any other person who has received the Confidential Information from any Party, the Party shall immediately inform the

Producing Party in writing that the information has been subpoenaed or sought, so that the Producing Party may act to protect its interests.

(c) Before filing with the Court any Confidential Information, the party seeking to so file shall first notify counsel for the other party(ies) and they shall consult in good faith to reduce or eliminate the need for filing such Confidential Information through means such as redaction or use of summaries, extracts, or stipulations. If after such efforts a party nevertheless deems it necessary to file Confidential Information with the Court, the parties shall comply with Local Rule 79.2 of the Eastern District of North Carolina to request that the filing or exhibit be made under seal to preserve its confidentiality. It shall be the burden of the Party who seeks to file the Confidential Information to move the court to do so under seal pursuant to Section V.G.1 of the Electronic Case Filing Administrative Policies and Procedures Manual of the Eastern District of North Carolina. Except for motions filed under seal in accordance with Section V.G.1.(f), each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies: (i) The exact document or item, or portions thereof, for which the filing under seal is requested; (ii) How such request to seal overcomes the common law or the First Amendment presumption

to access; (iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (iv) The reasons why alternatives to sealing are inadequate; and (v) Whether there is consent to the motion.

(d) Any Party may use its own Confidential Information in any manner it sees fit, and may reveal its own Confidential Information to whomever it chooses, without prior consent of any other Party or of the Court, and without waiving the confidentiality of the material for purposes of this Protective Order.

(e) Counsel for any Party may advise his or her client(s) with respect to this litigation, and in the course thereof, refer to and rely upon his or her examination of Confidential Information.

6. **Designation Of Confidential Information.** The designation of Confidential Information for the purposes of this Protective Order shall be made in the following manner:

(a) In the case of documents and written discovery responses, by affixing the legend "Confidential" to each page containing any Confidential Information, or by providing a separate writing, such as a letter from counsel, in which the particular item, document or transcript is identified and designated as confidential. .

(b) In the case of depositions or other pretrial testimony, by a statement on the record, by counsel, at the time of such disclosure. All videotapes of depositions shall be clearly labeled Confidential as appropriate pursuant to this Protective Order.

(c) Any copies, summaries, notes, electronic versions or other documents that contain or reflect Confidential Information shall be subject to the terms of this Protective Order to the same extent as the information or document from which such copies, summaries, notes, electronic versions or documents are obtained.

(d) The inadvertent failure to stamp a document as Confidential shall not be deemed a waiver of a claim of confidentiality. The Producing Party shall give written notice to the Party receiving the Confidential Information promptly after the omission is discovered, and the receiving Party shall then treat those materials as Confidential Information in accordance with this Protective Order. However, no designation of "Confidential" shall be made at any time after 45 days of production or disclosure of the material or information.

7. **Disputes Over Confidentiality.** If any Party believes that any information or document produced by the other party is not Confidential Information, the Objecting Party may bring its objection to the attention of the Producing Party. Such objection shall be in writing and shall specifically identify the Confidential Information at issue and state the reasons for questioning the confidentiality designation. The Producing and Objecting Parties must then confer in good faith in an effort to resolve the dispute. If the Parties are unable to resolve the dispute, the Objecting Party may file a motion to seek a ruling by the Court that the information or document should not be treated as Confidential Information. If such a motion is made, the Objecting Party has the burden to establish that the designation is improper. Until the Court rules on the motion, the documents shall be treated as Confidential, as originally designated.

8. **Removal of Confidential Designation.** The Party claiming the confidentiality of the information or document may elect to remove the designation of any information or documents as Confidential Information.

9. **Return or Destruction of Confidential Information.** Within forty-five (45) days of a request for return of the Confidential Information following the termination of this action, including all appeals, all Confidential Information supplied by any Producing Party, and any copies thereof, shall be returned to the Producing Party. Absent such request, such information shall either be maintained as confidential or destroyed.

10. **Miscellaneous**

   (a) Nothing contained in this Protective Order shall be deemed to preclude any Party from seeking, for good cause shown, to modify the Protective Order.

   (b) Any unauthorized or improper disclosure of Confidential Information to anyone not entitled to receive or review it shall not waive the confidentiality of such information or the obligations under this Protective Order.

   (c) The designation of any information as Confidential Information pursuant to this Order is intended to facilitate the preparation and trial of this case. Treatment of the information as Confidential by counsel or the parties in conformity with the indicated designation shall not be construed as an admission or agreement that the designated information constitutes or contains any matter that is confidential or a trade secret.

(d) The Parties agree that if a document is produced, which the Producing Party later contends was inadvertently produced and which contains information that is protected from disclosure by attorney-client privilege or work-product doctrine, then the other party shall return it to the Producing Party upon request. In returning the document, the other Party does not waive its right to compel production of the document, nor does it waive its right to assert that the Producing Party waived the protection of the attorney-client privilege or work-product doctrine.

(e) The provisions of this Protective Order shall survive the termination of this case and continue in full force and effect thereafter.

(f) The Court will retain jurisdiction for purposes of enforcement of this Protective Order after the conclusion of this case.

(g) The Protective Order shall become effective when entered by the Court and shall operate retroactively to the inception of this case.

The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Signed: February 4, 2019

Robert B. Jones, Jr.
United States Magistrate Judge

## EXHIBIT 1

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Adrian T. Currie v. Murphy Brown, LLC*, 7:18-cv-156-D (E.D.N.C) have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

Agreed to by: _____ (print name)

Signature: _____

Date: _____

Signed in the presence of: _____ (Attorney)

10

Dated: January 31, 2019.

SUBMITTED AND AGREED TO BY:

/s/ Melissa A. Romanzo
---
Melissa A. Romanzo (N.C. Bar No. 38422)
Hunton ANDREWS KURTH LLP
101 South Tryon Street, Suite 3500
Charlotte, North Carolina 28280
Telephone: 704.378.4700
Fax: 704.378.4890
E-Mail: mromanzo@hunton.com

Sharon S. Goodwyn (VA Bar No. 28822)
(Special Appearance)
Hunton ANDREWS KURTH LLP
500 E. Main Street, Suite 1000
Norfolk, Virginia 23510
Telephone: 757.640.5300
Fax: 757.625.7720
E-Mail: sgoodwyn@huntonAK.com

Reilly C. Moore (VA Bar No. 90928)
(Special Appearance Forthcoming)
HUNTON ANDREWS KURTH LLP
951 East Byrd Street
Richmond, Virginia 23219
Telephone: 804.788.8409
Fax: 804.788.8218
E-Mail: rmoore@huntonAK.com

*Attorneys for Defendant*
*Murphy-Brown, LLC.*

/s/ Ralph T. Bryant, Jr. (with permission)
---
Ralph T. Bryant, Jr., Esquire (N.C. Bar No. 18119)
Attorney at Law
P.O. Box 723
Newport, North Carolina 28570
Telephone: 252.626.3267
Phone: 252.294.1624
attorneyralphbryantjr@gmail.com

*Attorney for Plaintiff Adrian T. Currie*

11